DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **VIRGIN ISLANDS HOUSING** ) <br> **FINANCE AUTHORITY,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **RUTH JOSEPH and UNITED STATES** ) <br> **DEPARTMENT OF AGRICULTURE** ) <br> **(Rural Development),** ) <br> ) <br> **Defendants.** ) <br>_____) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Cross-Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **RUTH JOSEPH,** ) <br> ) <br> **Cross-Defendant.** ) <br>_____) | Civil Action No. 2013-0086 |

**Attorneys:**
**Flavia E. Logie, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff Virgin Islands Housing Finance Authority*

**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant/Cross-Plaintiff United States of America*

### MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on the "Motion for Default Judgment," filed by Plaintiff Virgin Islands Housing Finance Authority ("VIHFA") (Dkt. No. 30), and the "Motion for Default Judgment against Ruth Joseph and Summary Judgment against Virgin Islands

Housing Finance Authority," filed by Defendant/Cross-Plaintiff United States Department of Agriculture (Rural Development) ("United States"). (Dkt. No. 31). For the reasons discussed below, the Court will grant both motions.

## I. BACKGROUND

On April 22, 2013, VIHFA commenced a debt and foreclosure action in the Superior Court of the Virgin Islands against Defendants Ruth Joseph ("Joseph") and the United States, seeking to foreclose on its second priority mortgage. (Dkt. No. 1-1 at 2). In its Complaint, VIHFA alleged that Joseph had executed a First Priority Mortgage and Note on December 9, 2005 in favor of the United States for $89,600.00 and "simultaneously" executed a Second Priority Mortgage in favor of VIHFA for $53,318.46 to obtain a federal HOME Program subsidy. *Id.,* ¶ 5.[1] Both mortgages were recorded on December 19, 2005 against Joseph's property ("the Property") described in the Warranty Deed as:

> Plot No. 169 Estate Carlton, West End Quarter, consisting of 0.2675 U.S. acre(s), more or less, as shown on OLG Drawing No. 5579-A dated September 29, 2005.

*Id.* at 7. The Complaint further alleged that Joseph failed to make her payments starting in November 2011. VIHFA sent three late notices to Joseph, followed by a Final Demand for Payment on August 2, 2012. *Id.* ¶¶ 8-10. Since Joseph had not paid the amount owed, VIHFA asserted that Joseph had defaulted on the Second Priority Mortgage. *Id.* ¶¶ 12, 13. VIHFA sought judgment in the amount of $52,926.43, consisting of $21,327.97 in outstanding principal balance due plus interest on Part A of the loan and repayment of the $31,598.46 HOME Program subsidy (Part B of the loan). *Id.* ¶¶ 14, 15.

---

[1] The federal HOME Program subsidy was divided in two parts. Part A, in the amount of $21,720.00, was payable in monthly installments of $81.86. Part B was a grant of $31,598.46, which was not repayable unless Joseph sold or transferred the Property within twenty years from the date of the Second Mortgage. (Dkt. No. 1-1, ¶ 7).

On August 8, 2013, the United States removed the action to this Court pursuant to 28 U.S.C. § 1444. (Dkt. No. 1). The United States answered the Complaint on September 11, 2013. (Dkt. No. 4). In its Answer, the United States raised a number of Affirmative Defenses, including: (1) the United States' Mortgage was a first lien on the Property and superior to any interest of VIHFA or Joseph in the Property; (2) any judgment in favor of VIHFA shall include a statement regarding the priority of liens as between the VIHFA and the United States; and (3) should there be a judicial sale of the Property, the United States, as first lienholder, was entitled to have its First Priority Mortgage and other indebtedness paid first from the proceeds of the sale, before satisfaction of junior liens. *Id.* at 3-4.

The United States also asserted a Cross-Claim against Joseph. *Id.* at 4. It claimed that Joseph executed a promissory note (the "Note") on December 19, 2005 in which she promised to pay the United States $89,600.00, plus interest at the rate of 5.375%. *Id.* at 5, ¶ 6. As security for payment of the Note, Joseph executed and delivered to the United States, on the same day, a Mortgage encumbering the Property (the "Mortgage"). *Id.* ¶ 7. Also on December 19, 2005, Joseph entered into a Subsidy Repayment Agreement with the United States providing that the United States would recapture interest credits granted to Joseph upon foreclosure of the Mortgage. *Id.* ¶ 8. The Cross-Claim further asserts that, on June 1, 2011, Joseph entered into a Reamortization and/or Deferral Agreement (the "Agreement") which reamortized the debt on the Note, *id.* ¶ 9, and that Joseph defaulted under the terms of the Note, Mortgage, and Agreement because she failed to pay the September 2011 monthly installment and all subsequent installments. *Id.* ¶ 10. As a result, the United States accelerated the indebtedness evidenced by the Note, Mortgage and Agreement, and demanded payment from Joseph. *Id.* ¶ 11. The Notice of Acceleration was returned as undeliverable, and her present whereabouts are unknown. *Id.* ¶ 12.

The Cross-Claim further provides that Joseph failed to cure the default and failed to pay all principal and interest as demanded. *Id.* ¶ 13. According to the United States, Joseph owes the following sums: $97,398.93 in principal and advances; $9,552.40 in interest through June 15, 2013; and $3,665.72 in fees for taxes and insurance, totaling $110,722.94. *Id.* ¶ 14. Interest continues to accrue at the rate of $14.3430 per day until the date of judgment. *Id.* The United States alleges that its Mortgage is superior to any right, title or interest of Joseph in the Property. *Id.* ¶ 16. It seeks judgment against Joseph awarding it all amounts due under the Note, foreclosure of the Mortgage, and sale of the property, as well as judgment declaring the relative order of priority of liens against the Property. *Id.* ¶ 17.

On December 1, 2014, the United States filed its Motion for Default Judgment against Joseph and for Summary Judgment against VIHFA. (Dkt. No. 31). The Motion was accompanied by a Memorandum of Law (Dkt. No. 33), and a Statement of Undisputed Facts (Dkt. No. 32) which included a Certificate of Indebtedness and Payoff Information Sheet (Dkt. No. 32-4). In its Statement of Facts in support of the Motion, the United States provided additional details concerning its efforts to locate and serve Joseph with documents in this action. (Dkt. No. 32). The United States asserted that the Notice of Acceleration and Demand for Payment were mailed to Joseph at her residential and post office addresses, and were returned as undeliverable and unclaimed. *Id.* ¶ 8; Dkt. No. 32-1. In October 2013, the Court granted the United States' motion to have the U.S. Marshals serve the Notice of Removal and the United States' Answer and Cross-Claim on Joseph. (Dkt. No. 8). The Deputy U.S. Marshal was unable to locate Joseph. (Dkt. No. 10). The Court subsequently granted the United States' motion for service by publication (Dkt. No. 13), and notice of the action was published in the St. Croix *Avis* once per week for four consecutive weeks. The United States filed proof of service attesting that Joseph

had been properly served by publication. (Dkt. No. 24). It then filed an application for entry of default against Joseph. (Dkt. Nos. 25, 26). The Clerk of Court entered the United States' entry of default on May 5, 2014. (Dkt. No. 28). The United States asserts that, as of the date of its Motion, no answer or responsive pleading has been filed by Joseph. (Dkt. No. 32 ¶ 11; Dkt. No. 32-2).

In its Memorandum of Law in support of its Motion, the United States contends that the Court has both subject matter jurisdiction over its Cross-Claim against Joseph, pursuant to 28 U.S.C. § 1345, as well as personal jurisdiction over Joseph due to the fact that the action involves a person "having an interest in, using, or possessing real property in this territory," pursuant to 5 V.I.C. §§ 4903(a)(5), 4903(b). (Dkt. No. 33 at 5-8). The United States also asserts that it has satisfied all of the prerequisites for default judgment against Joseph because it has shown that Joseph executed the Note; she defaulted by failing to make payments when due; demand was made and she failed to cure her default; and that it is entitled to foreclose on the Mortgage. *Id.* at 10. Moreover, the United States asserts that the elements in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), have been met. *Id.* at 9-10.

The United States provided a Certificate of Indebtedness dated December 15, 2014 signed by Kimme Bryce, Area Specialist with the United States Department of Agriculture. (Dkt. No. 32-4). Ms. Bryce certified that Joseph is indebted to the United States in the amount stated on the attached Payoff Information Sheet, and that the date of default was September 19, 2011. *Id.* The Payoff Information Sheet indicated that the principal balance due on the Note is $97,398.93; that unpaid interest from August 19, 2011 to December 15, 2014 amounts to $17,412.33; that fees required with payoff funds total $570.08; and that escrow fees for taxes and insurance total $9,437.71, with a total payoff figure of $124,819.05. (Dkt. No. 32-4). The Payoff

5

Information Sheet also provides that the per diem interest rate on the Note is $14.3430, and that the per diem interest on the unpaid assessed fees is $1.0095. *Id*. Ms. Bryce signed a Declaration attesting that all documents referred to by the United States in its Motion for Default and Summary Judgment were true and correct copies of business records found in the official file of Ruth Joseph. (Dkt. No. 32-5).

Finally, Counsel for the United States, Angela Tyson-Floyd, Esq., provided a Declaration in which she described the efforts by the United States to serve Joseph. (Dkt. No. 32-2). Attorney Tyson-Floyd also averred that, to the best of her knowledge, Joseph was neither an infant nor incapacitated person. *Id.* Counsel attached to her Declaration a Status Report pursuant to the Servicemembers Civil Relief Act showing that Joseph was not on active duty status with the United States Military. (Dkt. No. 32-3).

The United States also argues that it is entitled to summary judgment against Defendant VIHFA. (Dkt. No. 33 at 10). The United States asserts that it is undisputed that its Mortgage is superior to that of VIHFA, since it was executed before the VIHFA Mortgage and VIHFA's Mortgage itself states that it is subordinate to the Mortgage of the United States. *Id*.

VIHFA did not respond to the United States' Motion.

VIHFA also filed a Motion for Default Judgment against Joseph. (Dkt. No. 30). VIHFA states that it served Joseph by substituted service; that Joseph failed to appear and answer the Complaint; and that the Clerk of Court issued an entry of default against Joseph. *Id.* at 2. VIHFA further states that, as of May 21, 2014, Joseph owed VIHFA $21,601.76, which includes $20,947.63 in principal balance due; $552.76 in interest; and $101.37 in late fees. *Id.* The per diem fee is $0.5740 and late fees accrue at $3.27 monthly. *Id.* VIHFA attached a "Mortgage Loan Payoff Statement" dated May 21, 2014, which supports the figures VIHFA claims are due.

6

*Id.* VIHFA added that Joseph was also indebted to VHIFA in the amount of $31,598.46—the sum Joseph received from the Federal HOME Program Grant—which was repayable in the event of a default on the Mortgage and Note. *Id.* Finally, VIHFA seeks foreclosure on its Second Priority Mortgage and sale of the property to satisfy the money judgment, together with a deficiency judgment against Joseph. *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment Standard

In a motion for entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *Star Pacific Corp. v. Star Atlantic Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (citing *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.*, 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act."

*Idewu v. Sealey*, 2012 WL 944781, at *2 (D.V.I. Mar. 19, 2012) (quoting *Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare, Vacation & Finishing Trades Inst. Funds v. Village Glass, Inc.,* 2012 WL 209076, at *1 (D.N.J. Jan. 3, 2012)); *see also* Fed. R. Civ. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### B. Summary Judgment Standard

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Klein v. Weidner,* 729 F.3d 280, 283 (3d Cir. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted). The non-moving party "'must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements.'" *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)).

To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). A

factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted). "'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

To succeed on a debt and foreclosure claim under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009) (citing *National Union Fire Ins. Co. v. Saunders*, 899 F. Supp. 452, 455 (C.D. Cal. 1993)); *see also* Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### III.   ANALYSIS

**A. Jurisdiction**

The United States properly removed this action from Superior Court pursuant to 28 U.S.C. § 1444.[2] Thereafter, the United States filed a Cross-Claim against Joseph for debt and

---

[2] Title 28, Section 1444 provides that any action brought under 28 U.S.C. § 2410 (actions affecting property on which the United States has a lien) against the United States in any state

9

foreclosure, which is properly within the jurisdiction of this Court. 28 U.S.C. § 1345.[3] Accordingly, this Court has subject matter jurisdiction over this action.

This Court also has personal jurisdiction over Joseph. The Declaration of counsel for the United States established Joseph's absence from the Virgin Islands. (Dkt. No. 32-2). "The exercise of personal jurisdiction over a[n absent] defendant must comport both with the Virgin Islands long-arm statute and the due process clause." *Urgent v. Technical Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 534 (D.V.I. 2003).

Pursuant to the Virgin Islands long-arm statute, a court may exercise personal jurisdiction over a person who has "an interest in. . . real property in this territory." 5 V.I.C. § 4903(a)(5). It is undisputed that Joseph owns real property in the Virgin Islands—specifically, the Property at issue in this matter, located in Estate Carlton, St. Croix. (Dkt. No. 1-1). Further, Joseph received adequate notice of this action through substituted service by publication in the St. Croix Avis— notice that was published once a week for four consecutive weeks (Dkt. Nos. 24, 24-1)— following several other unsuccessful attempts to serve Joseph by conventional means. (Dkt. No. 33 at 7-8). Accordingly, the exercise of personal jurisdiction in this case does not offend traditional "notions of fair play and substantial justice." *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 205 (3d Cir. 1998).

### B. Default Judgment Against Cross-Claimant Ruth Joseph

The United States has satisfied all of the requirements necessary to obtain a default judgment against Joseph. It has shown that: (1) default was entered against Joseph by the Clerk

---

court may be removed by the United States to the district court for the district in which the action is pending.

[3] Title 28, Section 1345 provides, in pertinent part, that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States[.]"

of Court (Dkt. No. 28); (2) Joseph has not appeared; (3) Joseph is neither an infant nor an incompetent person (Dkt. No. 32-2); and (4) Joseph was validly served with process. (Dkt. No. 24). In addition, the United States provided a copy of the Military Status Report from the Department of Defense Manpower Data Center showing that Ruth Joseph is not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 32-3). The United States has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 32-4).

Further, the United States has shown that Joseph executed the Note, Mortgage, Subsidy Repayment Agreement, and Reamortization Agreement (Dkt. Nos. 4-1, 4-2, 4-3, 4-4); that she defaulted after failing to make payments that were due; that demand for payment was made (Dkt. No. 4-5); and that she failed to cure the default. The Mortgage provides that the United States is entitled to "foreclose this instrument" if default should occur. (Dkt. No. 4-2 ¶ 22).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to the United States resulting from Joseph's breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Joseph's default was a result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

In view of the foregoing, default judgment against Joseph and in favor of the United States is appropriate.

### C. Summary Judgment Against Plaintiff VIHFA

The record in this case shows that Joseph executed a "Second Priority Mortgage" in favor of the VIHFA on December 19, 2005. (Dkt. No. 1-1 at 18). It is undisputed that the United States' Mortgage is superior to that of the VIHFA because the VIHFA Mortgage states that it is "expressly subject and subordinate to the mortgage given by Mortgagor to USDA Rural Development to secure a permanent loan on the Property," and that VIHFA and Joseph "acknowledge and agree that this Mortgage is expressly subject and subordinate in all respects to the liens, terms, covenants and conditions of the first mortgage[.]" (Dkt. No. 1-1 at 21, ¶ 9). Accordingly, by the express terms of the governing documents, the United States has a first priority lien on the Property, and VIHFA has a second priority lien on the property. The Court will therefore grant the United States' Motion for Summary Judgment against the VIHFA.

### D. VIHFA's Motion for Default Judgment

VIHFA has satisfied some of the requirements necessary to obtain a default judgment against Joseph. It has shown that: (1) default was entered against Joseph by the Clerk of Court (Dkt. No. 29); (2) Joseph has not appeared; and (3) Joseph was validly served with process. (Dkt. No. 16). VIHFA has not shown that Joseph is neither an infant nor an incompetent person or that Ruth Joseph is not in the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* However, the United States, on its Cross-Claim, provided such evidence, and the Court will consider that evidence as supporting VIHFA's Motion for Default Judgment as well. *See* Dkt. Nos. 32-3, 32-3. In addition, VIHFA has shown with specificity, pursuant to its Mortgage Loan Payoff Statement, that the total sum due on the loan is $21,601.76 as of May 21, 2014; that the per diem interest rate is $0.5740; and late charges of $3.27 become due fourteen days after each payment due date. (Dkt. No. 30 at 4). *See also* Dkt. No. 1-1 at 36-43

(showing VIHFA payoff analysis, record of overdue payments and penalties, and demands for payment).

VIHFA also asserts that Joseph is indebted to VIHFA in the amount of $31,598.46, representing the Federal HOME Program Grant, which is repayable in the event of a default on the First and/or Second Mortgages. (Dkt. No. 30). Based on a review of the Second Priority Mortgage and Note, the Court has determined that this statement is correct. *See* VIHFA Mortgage, Dkt. No. 1-1 at 18, providing that sale or transfer of the Property during the twenty-year period following the closing date "will trigger repayment of the entire HOME subsidy"; VIHFA Note #2, Part B, Dkt. No. 1-1 at 29 (providing that the Borrower promises to pay $31,598.46 to VIHFA in the event of default). Thus, the calculation of the sums due have been shown with specificity.

In view of the foregoing, the Court will grant VIHFA's Motion for Default Judgment against Joseph.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant the United States' Motion for Default Judgment against Defendant Ruth Joseph. (Dkt. No. 31). The Court will also grant the United States' Motion for Summary Judgment against Plaintiff Virgin Islands Housing Finance Authority. *Id.* The Court finds that the United States has a first priority lien on the Property, and VIHFA has a second priority lien on the property.

The Court will also grant VIHFA's Motion for Default Judgment against Defendant Ruth Joseph. (Dkt. No. 30).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: April 10, 2015 _____/s/_____
WILMA A. LEWIS
Chief Judge